## Steam Gauge & Lantern Co. v. Williams.

*(Circuit Court, N. D. New York. June 26, 1890.)*

1. **Patents for Inventions—Locomotive Head-Lights—Infringement.**
   The first claim of letters patent issued August 1, 1882, to Edward Wilhelm, for an improvement in locomotive head-lights consisting of a reflector, provided with an opening behind the burner, whereby light is emitted backwardly into the head-light case for illuminating signal plates, is not infringed by a device wherein the light passes into the head-light case through an enlargement of the burner hole, since such claim must be restricted to head-lights in which there is a hole in the reflector distinct from the burner and chimney holes, in order to give it novelty.

2. **Same—Patentable Invention.**
   The second claim of said patent, for the combination with such reflector of "an auxiliary reflector whereby the light emitted backwardly through such opening is directed towards the signal plates," is void for want of patentable invention.

In Equity.
*E. S. Jenney,* for complainant.
*Edmund Wetmore,* for defendant.

WALLACE, J. The two claims of the patent in suit (granted to Edward Wilhelm, August 1, 1882, for "locomotive head-lights") alleged to be infringed by the head-lights manufactured by the defendant are as follows:

"(1) In a head-light, a reflector provided with an opening arranged behind the burner, whereby light is emitted backwardly into the head-light case for illuminating signal plates or lenses applied to said case, substantially as set forth. (2) The combination, with a head-light case, provided with signal plates or lenses, of a reflector constructed with an opening arranged behind the burner, and an auxiliary reflector, whereby the light emitted backwardly through such opening is directed towards the signal plates or lenses, substantially as set forth."

The subject of the patent is an improvement in that class of head-lights which are provided with signal plates or lenses in the sides of the head-light case; and the object of the improvement is to illuminate the signal plates in a simple and efficient manner, so that the signal can readily be observed at night by train dispatchers or others whose duty it is to note the passing of trains. Locomotive head-lights in their ordinary form consist of a metal case with a glass front, inclosing a parabolic reflector which carries a lamp. The lamp is located so that when lighted the flame is in the focus of the parabola, in order that the rays of light may be thrown forward upon and somewhat along the sides of the track. The lamp is provided with a chimney, and the reflector is provided with two holes, one above the other, for securing the lamp. The body and burner of the lamp rest in the lower hole, and when the chimney is placed over the burner it extends through the upper hole, and the lamp is thus firmly secured at both ends. Each of these holes opens into the case behind the reflector, so that at the upper hole the chimney extends into and is exposed within the case back of the reflector, and at the lower hole the body of the lamp extends into and is exposed within the case at the back of the reflector. Before the date of the Wilhelm patent such head-lights, provided with signal plates or lenses in the sides of the case, and with means for illuminating the signal plates, were old. Such a head-light is described in the patent to Mills, Bell, and Carey, granted in 1876, in which the signal plates are illuminated from the interior of the case by means of side openings which consist of a hole in the reflector at each side of the lamp opposite the signal plates. Another such head-light is described in the patent to Forsyth granted in 1878, in which the signal plates are placed in openings in the case, one at each side, located about on a level with the aperture in the reflector which holds the chimney, the object being to utilize the light which escapes through the chimney aperture for illuminating the signal plates; and in order to do this more effectually the inside of the case and the back of the reflector are painted white.

The precise improvement made by Wilhelm appears from the following language of his specification:

"Heretofore these signal plates have been illuminated in various ways, with more or less success, either by direct light thrown upon the signal plate through openings in the reflector on both sides of the lamp, or by the light which is emitted through the chimney opening of the reflector, and diffuses itself in the upper portion of the head-light case, and also by light reflected backwardly from the front end of the head-light case. My invention consists in constructing the reflector with an opening at or near its apex behind the lamp, whereby light is emitted into the head-light case, where it diffuses itself, and may be utilized for illuminating the signal plates or lenses applied to the head-light case; also in providing such case and reflector with an auxiliary reflector, which deflects the light emitted backwardly through the openings in the main reflector, and directs such light upon the signals which are desired to be illuminated."

The specification describes an opening or aperture formed in the rear portion of the reflector about in a line with and behind the burner of the lamp; and a reflector arranged at the back of the case behind the main reflector, which may be composed of two plane reflectors arranged at an angle to each other, or may be made curved, convex, or conical, or of any other suitable form, to deflect a sufficient quantity of light upon the signal plate. As shown by the drawings, the opening is a distinct aperture from the burner hole, and is located above the hole. The specification states that the illumination of the signal plates may be attained, but in a less satisfactory manner, without the auxiliary reflector, by painting the interior of the head-light case white. Obviously, the patentee contemplated an improvement of the head-light of the Forsyth patent. This is apparent from the enumeration of the advantages introduced into such a head-light by making an opening in the reflector behind the burner, which are set forth in the specification as follows:

"The light emitted through this opening is more intense than that which is emitted by the chimney opening, and not liable to be obscured when the upper of the chimney becomes covered with smoke or soot, which happens occasionally, and materially interferes with the illumination of the signal plate."

The improvement, which consists in forming an opening in the reflector of the Forsyth head-light, is the subject of the first claim of the patent. In other words, the first claim is for a head-light essentially like that of the Forsyth patent, improved by making an aperture in the reflector behind the burner and between the burner hole and the chimney hole, for emitting light into the case. The second claim is for the head-light of the first claim, with an auxiliary reflector behind the main reflector to catch and deflect the light emitted from the aperture. The head-lights which are manufactured by the defendant do not contain any opening or aperture in the rear portion of the reflector which is distinct from the holes in which the chimney and the body of the lamp rest. Prior to 1880 the defendant designed a reflector differing in form from those previously in use, making it deeper, and shaping it so that the part in rear of the burner was elongated, in which the hole for the body of the lamp was considerably enlarged rearwardly. The object of this change was to facilitate access to the lamp for the purpose of trimming and lighting it without removing it from the reflector. The head-light, hav-

ing such a reflector and aperture, is described in a patent granted to the defendant December 28, 1880; and in catalogues to the trade issued by him in 1879 there are wood-cuts of this head-light which show the lower hole in the reflector to extend towards the apex until it reaches a point on a line with the lower part of the burner. It seems entirely plain that the alleged infringing head-light is the precise structure described in the defendant's patent of 1880 and in his catalogue.

If, as is now contended for the complainant, the burner hole of the defendant's head-light is the opening or aperture of the Wilhelm patent, it is impossible to escape the conclusion that the first claim of the patent is invalid for want of novelty. Certainly there could not be invention in 1882 in putting the burner hole of the defendant's patent of 1880 into the head-light of the Forsyth patent in 1878. When the parts of the two old head-lights are assembled together, they do precisely the same work in their new juxtaposition which they did previously. The burner hole emits light into the case in the same way it did in the defendant's head-light, and the other parts severally do their work in the same way they did in the Forsyth head-light. It might have involved invention if such a burner hole, instead of being employed in the reflector of a locomotive head-light, had been employed in something else to appropriate it for illuminating the signal plates, and adapting it to the new occasion; but it is not invention merely to transfer one part of a composite device to another composite device of the same general type, when the result is merely to aggregate the effects of each. Unless the first claim is limited to one for a head-light in which there is an aperture distinct from the burner hole or chimney hole in the reflector, it cannot be upheld. Upon this construction the defendant does not infringe.

The second claim is destitute of novelty. It cannot be invention to add to a head-light an auxiliary reflector, which, as the specification states, "may be of any suitable form," to intensify and direct the light which escapes into the case. The utility of such a device is suggested by the main reflector itself, and the specification implies that any person skilled in the art can, without instruction from the patent, select the requisite form to do the required work. The bill is dismissed.